**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                        CRIMINAL ACTION NO. 5:12-cr-00134

STEVEN RUSSELL HELTON

**MEMORANDUM OPINION AND ORDER**

The Court previously required Defendant Steven Helton to show cause why the present chaperone agreement enforced by the United States Probation Office should not be modified to provide additional protections to a minor child. [Doc. 112]. Mr. Helton responded on September 30, 2024. [Doc. 126]. The Government replied on October 11, 2024.[1] [Doc. 128]. Related are Mr. Helton's Motion to Seal this Court's Order Denying Defendant's Motion for Modification and Early Termination of Supervised Release [Doc. 113], filed July 2, 2024, and Mr. Helton's Motion to Seal Exhibits [Doc. 127], filed September 30, 2024.  The Government responded to Mr. Helton's Motion to Seal the Court's Memorandum and Opinion and Order Denying Defendant's Motion for Modification and Early Termination [Doc.122], filed July 31, 2024.

Lastly pending is Mr. Helton's recent Motion for Modification of Supervised Release Conditions Relating to Contact with Minor and His Place of Residence on December 16,

---

[1] In accordance with the Order entered July 10, 2024 [Doc. 115], the Court extended the deadline by 75 days for Mr. Helton to respond and subsequently directed the Government to respond, if it desired, by October 10, 2024. The Government untimely responded on October 11, 2024. [Doc. 128].

2024. [Doc. 129]. On the same date, Mr. Helton also filed a Motion to Seal the Exhibits A and B to the Motion for Modification of Supervised Release Conditions Relating to Contact with Minors and His Place of Residence. [Doc. 130].

## I.

On May 16, 2013, Mr. Helton pled guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). He was sentenced to a 60-month term of imprisonment and a lifetime supervised release term. Mr. Helton appealed the lifetime term of supervised release. Our Court of Appeals affirmed, stating "the [sentencing] judge made clear that the length of the prison term and the length of the supervised release term were linked." *United States v. Helton*, 782 F.3d 148, 152 (4th Cir. 2015).

On October 3, 2023, Mr. Helton filed a Motion for Modification of Supervised Release Conditions and a Reduction to a Term of 10 Years for His Term of Supervision. [Doc. 106]. The term of supervised release began on August 25, 2021. He has remained compliant. Mr. Helton sought to (1) modify the terms of his supervised release, and (2) reduce his lifetime term to a period of 10 years starting on August 25, 2021. [*Id*.]. As to number (1), he requested permission to reside with his now wife, Tiffany Lively, whom he married on June 1, 2024, and her 10-year-old daughter. [*Id*.]. As noted, Mr. Helton's conditions require a chaperone agreement allowing him to visit Ms. Lively's daughter so long as Ms. Lively or her brother are present. [*Id.* at 3]. Mr. Helton has maintained employment, is no longer required to participate in sex offender counseling, tested negative for any controlled substances, and maintained all reporting obligations as a sex offender. [*Id*.].

On October 23, 2023, the Government filed its Response in Opposition to both of Mr. Helton's requests. [Doc. 109]. The Government asserted Mr. Helton had (1) "displayed a

sexual interest in children since his own youth and admitted to sexually abusing a young child in the past," and (2) while previously on supervised release, downloaded "pictures of preteens in bathing suits for his own sexual gratification." [*Id*. at 4]. The Government added that a reduced term of ten years would be insufficient considering Mr. Helton's history. [*Id*. at 6].

On October 25, 2023, Mr. Helton replied. [Doc. 110]. He noted he has not violated his third term of supervised release, he is "not the same person" he was at age 21, and his supervision terms infringed his constitutional right to marriage. [Doc. 110 at 2-4]. He repeated these same contentions in his March 29, 2024, Supplemental Memorandum. [Doc. 111].

On July 2, 2024, the Court denied Mr. Helton's Motion for Modification of Supervised Release Conditions and Reduction to a Term of 10 Years for his Term of Supervision. [Doc. 112]. The Order directed counsel to show cause in writing, by July 16, 2024, why the present chaperone agreement should not be modified to provide additional protections to Ms. Lively's minor daughter. The Government's optional response was due by July 26, 2024, and the reply by August 2, 2024.   [*Id*.]. On the same date, Mr. Helton filed a Motion to Seal this Court's Memorandum Opinion and Order [Doc. 112]. [Doc. 113].

On July 9, 2024, Mr. Helton filed a motion to extend the deadline to respond by 75 days so that Mr. Helton's response would be due on Monday, September 30, 2024. [Doc. 114]. The Government would then respond on or before Thursday, October 10, 2024, and Mr. Helton's reply would be due Thursday, October 17, 2024. [*Id.*]. On July 10, 2024, the Court granted Mr. Helton's motion to extend the deadline by 75 days. [Doc. 115]. On the same day, Mr. Helton noticed his appeal of the Court's denial of his request to modify the conditions of release. [Doc. 116]. On July 15, 2024, the Court ordered the Government to respond to Mr. Helton's sealing request by July 25, 2024, with a reply due by August 1, 2024. [Doc. 119].

3

On July 31, 2024, the Government responded that, "[g]iven the sensitive personal information contained in the Court's order, which was contained in the sealed Presentence Report," it did not oppose the motion to seal. [Doc. 122 at 1]. It suggested alternatively that redaction would suffice. [*Id.*]. On August 1, 2024, Mr. Helton agreed redaction would be satisfactory. [Doc. 123].

On September 30, 2024, Mr. Helton responded to the July 2, 2024, Show Cause Order. [Doc. 126]. Mr. Helton observed "that since he has not [been] permitted to stay overnight in the home where the minor child is residing, that no additional restrictions are needed for the existing chaperone agreement." [*Id.* at 1]. His response relied on (1) the "sufficient safeguards" already in place, and (2) the results of the September 9, 2024, forensic psychological and sex offender evaluation. On October 11, 2024, the Government expressed it did "not believe that additional restrictions beyond the current chaperone agreement are warranted at this time." [*Id.* at 1].

On December 16, 2024, Mr. Helton filed another Motion for Modification of Supervised Release Conditions Relating to Contact with Minor and His Place of Residence. [Doc. 129]. On the same date, Mr. Helton also filed a Motion to Seal the Exhibits A and B to the Motion for Modification of Supervised Release Conditions Relating to Contact with Minors and His Place of Residence. [Doc. 130].

## II.

### A.    *Show Cause Regarding Protections for the Minor Daughter*

The Government notes specifically that, "[h]aving conferred with the United States Probation Office and [having] reviewed the materials presented by the defense, the United States does not believe that additional restrictions beyond the current chaperone agreement are warranted

at this time." [Doc. 128 at 1]. The response emphasized "defendant has consistently passed polygraph examinations regarding compliance with the agreement and that there is no particularized evidence that the chaperone agreement is inadequate in this particular case." [*Id*.].

Further, the Probation Office agrees that additional restrictions beyond the current chaperone agreement are unwarranted. The Probation Officer confirmed Mr. Helton has complied with the chaperone plan. As noted generally by the Government, and specifically by the Probation Office, Mr. Helton has passed three polygraph examinations and submitted truthful statements on August 11, 2023, February 28, 2024, and September 17, 2024. The Probation Office and the Government, however, agree Mr. Helton should submit to more frequent polygraph examinations -- at 90-day intervals -- to ensure continued compliance with the chaperone plan. Any deception would be reported to the Court. The Court **DIRECTS** Mr. Helton to respond to the proposed increase in polygraphs within fourteen days of the entry of this order.

Based upon the foregoing discussion, the Court **DISCHARGES** the Show Cause Order. [**Doc. 115**].

### B.     *Motions to Seal*

Mr. Helton has three pending requests to seal. First, he now appears satisfied with redaction of the following language in the Court's earlier Order: "the last paragraph on page six which carries over onto page seven as well as the first full paragraph on page seven." [Doc. 123 at 1]. Having balanced Mr. Helton's interest in shielding the presentence report information and the right of public access, the Court **GRANTS** this sealing request and a redacted version of the subject Order will be provided to the Clerk for entry on the public docket.

Second, regarding Mr. Helton's request to seal exhibits included in his response to the Show Cause Order, he seeks a blanket seal on any private psychiatric information. [Doc. 127].

5

The exhibits are replete with highly sensitive information. There is no less drastic alternative to sealing. The Court **GRANTS** the Motion to Seal Exhibits [**Doc. 127**]. The Clerk is **DIRECTED** to file the subject exhibits under seal pending the further order of the Court [**Doc. 127, Exs. 1-A, 2-B**].

Third, regarding Mr. Helton's request to seal exhibits included in his Motion for Modification of Supervised Release Conditions Relating to Contact with Minors and His Place of Residence, [Doc. 129], "on the grounds that they contain confidential psychological information relating to the defendant which should not be placed on the public record." [Doc. 130]. The Court **GRANTS** the Motion to Seal Exhibits [**Doc. 130**]. The Clerk is **DIRECTED** to file the subject exhibits under seal pending the further order of the Court [**Doc. 130, Exs. 1-A, 2-B**].

The Court has received a USB thumb drive which contained a video letter submitted by Mr. Helton's wife Tiffany Helton. The accompanying cover letter dated September 26, 2024, provided Mr. Helton sent of copy of the video letter to the Government and the Probation Office. Mr. Helton is **DIRECTED** to file a copy of the video letter and cover letter on the docket **UNDER SEAL**.

## C.    *Deferring Consideration*

Mr. Helton filed a Motion for Modification of Supervised Release Conditions Relating to Contact with Minor and His Place of Residence which focused on the birth of his newborn son. [Doc. 129]. Mr. Helton takes issue with the following two Special Conditions of Supervision:

> (6) The defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place;
>
> . . . .

6

(12) The defendant shall not associate or have verbal, written, telephonic, or electrical communications with any minor except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender convictions; and 3) with written approval from the U.S. Probation Officer. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must deal in order to obtain ordinary and usual commercial services;

[Doc. 41 at 4-5].

"Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). The district court thus "lack[s] authority to grant [his] motion, but [it is] permitted to defer considering the motion, deny the motion, or issue an indicative ruling." *United States v. Bunch*, 828 F. App'x 185 (4th Cir. 2020) (referencing Fed. R. Crim. P. 37(a)).

Mr. Helton has appealed the July 2, 2024, Order which denied his first request to permit him to reside with his now minor step-daughter. [Doc. 112]. Mr. Helton attempts to circumvent the conflict by repackaging this modification request "as a significant change in circumstances that warrants reconsideration of Mr. Helton's request to live with his family so that he can participate in the day-today raising of his son." [*Id*.]. Mr. Helton concedes his "previous Motion contained a similar request to modify his conditions of supervision to allow him to reside with his wife and her daughter." [Doc. 129 at 3]. Specifically, Mr. Helton states:

[he] would propose that this condition be modified so that this provision does not apply to his interactions and contact with his newborn son. The current Chaperone Agreement which imposes restrictions concerning his interactions with his wife's ten-year-old daughter, Mr. Helton's stepdaughter, would also need to be modified to allow Mr. Helton to reside within in the same residence as his stepdaughter in MacArthur, West Virginia. Mr. Helton would still be bound by the restrictions

7

within the Chaperone Agreement which prohibit him from being within the presence of his stepdaughter without his wife or her adult brother being present.

[*Id*. at 2]. Two requests -- the one on appeal and the current request -- are indissolubly linked and the Court cannot consider his current request without disturbing the current issue pending on appeal. Inasmuch as Mr. Helton's appeal is pending, the court "lack[s] authority to grant [his] motion, but [it is] permitted to defer considering the motion, deny the motion, or issue an indicative ruling." *United States v. Bunch*, 828 F. App'x 185 (4th Cir. 2020) (referencing Fed. R. Crim. P. 37(a)).

Accordingly, pursuant to Rule 37(a)(1), the Court **DENIES WITHOUT PREJUDICE** consideration of Mr. Helton's current motion for reconsideration while his appeal is pending.

**IV.**

Based upon the foregoing discussion, the Court **ORDERS** as follows respecting the pending motions and requests:

1. That the Show Cause Order [**Doc. 112**] is **DISCHARGED**;

2. That Mr. Helton is **DIRECTED** to respond with his position regarding the proposed increase in polygraphs within fourteen days of the entry of this order;

3. That Mr. Helton's Motion to Seal the Order Denying Defendant's Motion for Modification of Supervised Release Conditions and a Reduction to a Term of 10 years for His Supervision, [**Doc. 113**], filed July 2, 2024, is **GRANTED** to the extent that the aforementioned redacted version of the subject Order will be spread upon the public record;

4. That the Motion to Seal Exhibits [**Doc. 127**] is **GRANTED** and the Clerk will file under seal the subject exhibits [**Doc. 127, Exs. 1-A, 2-B**];

5. That counsel for the Defendant is **DIRECTED** to file a copy of the subject USB drive under seal;

6. That the Motion to Seal Exhibits [**Doc. 130**] is **GRANTED** and the Clerk will file under seal the subject exhibits [**Doc. 130, Exs. 1-A, 2-B**]; and

7. That the Court **DENIES WITHOUT PREJUDICE** consideration of Mr. Helton's recent Motion for Modification of Supervised Release Conditions Relating to Contact with Minor and His Place of Residence pending the outcome of his pending appeal. [**Doc. 129**].

    The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, and to the United States Probation Office.

ENTER:        December 24, 2024

Frank W. Volk
Chief United States District Judge

9